# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> ADRIAN LUND, <br><br> Defendant. | No. CR16-4016-MWB <br><br> ***REPORT AND RECOMMENDATION ON MOTION TO DISMISS*** |

Defendant Adrian Lund has filed a motion to dismiss the indictment with prejudice (Doc. 11). The government has filed a resistance (Doc. 12). The Honorable Mark W. Bennett, United States District Judge, has referred the motion to a United States Magistrate Judge for preparation of a report and recommended disposition. I find that oral argument is not necessary and would cause undue delay. *See* N.D. Ia. L.R. 7(c). I also note that neither party requested oral argument on the motion. The motion is fully submitted and ready for decision.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On February 18, 2016, the Grand Jury returned a one-count indictment charging defendant with Escape from Custody, in violation of Title 18, United States Code, Section 751(a) (Doc. 2). The indictment alleges that on or about February 8, 2016, defendant "did knowingly escape from custody in the Dismas Charities Residential Center in Sioux City, Iowa, an institution or facility in which he was lawfully confined under the laws of the United States pursuant to court order by virtue of a judgment and commitment of the United States District Court for the Northern District of Iowa upon conviction for aiding and abetting the sale of stolen firearms and ammunition, possession of firearms with

obliterated serial numbers, and manufacture of an unregistered firearm." Section 751(a) states, in pertinent part:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of an process issued under the laws of the United States by any court, judge, or magistrate judge . . . shall . . . be fined under this title or imprisoned . . . .

18 U.S.C. § 751(a).

## II. DEFENDANT'S MOTION

Defendant argues for dismissal of the indictment pursuant to Rules 12(b)(1) and 12(b)(3)(B)(v), on the ground the indictment "fails[s] to state an offense." Doc. 11-1, at 2. Defendant makes three arguments: 1) the statutory text of Section 751(a) is ambiguous; 2) "A Sensible Construction Of § 751 Militates Against Applying It To An Individual Serving A Term Of Supervised Release In A Residential Reentry Center"; and 3) the rule of lenity should be applied in defendant's favor. Doc. 11-1, at 1. Defendant argues that a "court-ordered residency in a residential reentry center during a term of supervised release does not constitute 'custody,'" and therefore, defendant cannot be guilty of escape from custody. Doc. 11-1, at 2. Defendant argues that the statutory reference to "custody" is ambiguous, although he acknowledges that the Eighth Circuit Court of Appeals held otherwise in *United States v. Goad*, 788 F.3d 873 (8th Cir. 2015). Doc. 11-1, at 3-4. Defendant urges this court to rely instead on *United States v. Burke*, 694 F.3d 1062, 1064 (9th Cir. 2012), in which that court held that the defendant was not in custody for purposes of Section 751 when the defendant was a resident of a halfway house as a condition of release. Doc. 11-1, at 6.

### III. APPLICABLE STANDARDS

Federal Rule of Criminal Procedure 12(b) authorizes pretrial motions to present "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Certain defenses and objections are waived if not raised by pretrial motion, including "a defect in the indictment" and "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). An indictment is defective, and thus subject to pretrial challenge pursuant to Fed. R. Crim. P. 12(b)(3)(B), if it alleges a violation of a statute that is unconstitutional. *See, e.g.*, *United States v. Brown,* 715 F. Supp. 2d 688, 689-90 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)).

A motion to dismiss for failure to state an offense pursuant to Rule 12(b)(3)(B)(v) may attack the sufficiency of the allegations but not the sufficiency of the *evidence*: "It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury." *United States v. Nelson*, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing *Costello v. United States*, 350 U.S. 359, 363–64 (1956)). Such a motion may be granted only if no reasonable construction of the indictment can be said to charge the offense. *United States v. Nabors,* 45 F.3d 238, 240 (8th Cir. 1995) (quoting *United States v. Peterson*, 867 F.2d 1110, 1114 (8th Cir. 1989)). This means an indictment will survive a motion to dismiss "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001). In reviewing the sufficiency of an indictment, the court must accept the Government's allegations as true. *United States v. Steffen*, 687 F.3d 1104, 1107 n.2 (8th Cir. 2012).

The rules of criminal procedure do not permit the functional equivalent of a motion for summary judgment, whereby a defendant may test the sufficiency of the

Government's evidence in advance of trial. *See, e.g.*, *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (citing cases); *accord Nabors*, 45 F.3d at 240 ("There being no equivalent in criminal procedure to the motion for summary judgment that may be made in a civil case, *see* Fed. R. Civ. P. 56(c), the government has no duty to reveal all of its proof before trial."). Any challenge to the sufficiency of the evidence must await trial, when the defendant may move for acquittal pursuant to Rule 29 after the Government rests. *Ferro*, 252 F.3d at 968 (citing *United States v. DeLaurentis*, 230 F.3d 659, 661 (3d Cir. 2000)).

## IV. DISCUSSION

As noted above, Section 751(a) makes it a crime for a person to escape from the custody of an institution or facility to which the person has been confined by order of the Attorney General of the United States or by order of a judicial officer. An indictment is normally sufficient unless no reasonable construction can be said to change the offense. *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). This means an indictment will survive a motion to dismiss "if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Carter*, 270 F.3d 731, 736 (8th Cir. 2001). In reviewing the sufficiency of the indictment, the court must accept the government's allegations as true. *United States v. Steffen*, 687 F.3d 1104, 1107 n.2 (8th Cir. 2012).

Defendant refers the court to a Petition to Revoke Supervision in relation to his prior criminal case, and asserts that he was incarcerated "[a]s a condition of supervised release . . . as a 120-day public law placement 'due to the fact that he did not have a suitable release plan.'" Doc. 11-1, at 2. In determining whether the indictment, on its

4

face, alleges an offense, the court is limited to the four corners of the indictment. It cannot entertain evidence such as that proffered by defendant regarding how it was he came into custody. There is nothing on the face of the indictment indicating that defendant was incarcerated there as a condition of supervised release, or that it was a 120-day public law placement due to a lack of a suitable release plan. Accordingly, the court cannot base its ruling on alleged facts that do not appear on the face of the indictment itself.

In any event, the Eighth Circuit Court of Appeals has squarely addressed this issue in *Goad*, which serves as binding precedent on this court. In *Goad*, the Eighth Circuit Court of Appeals said:

> "[A] person may be in custody for purposes of § 751(a) even though the physical restraints upon him are minimal and even though the custody be deemed constructive, rather than actual." *United States v. Cluck*, 542 F.2d 728, 736 (8th Cir. 1976). And "it is not necessary ... that the escape be from a conventional penal housing unit such as a cell or cell block." *Id*. at 731. "Specifically, the escape may be from a hospital," *id.*, or a pre-release "halfway house," *McCollough v. United States*, 369 F.2d 548, 549-50 (8th Cir. 1966), "in which the escapee was properly confined," *Cluck*, 542 F.2d at 731. *See also United States v. Sack*, 379 F.3d 1177, 1179-80 (10th Cir. 2004) (holding pretrial detainee's court-ordered residency at a halfway house was "custody" under § 751(a)); *United States v. Rudinsky*, 439 F.2d 1074, 1076-77 (6th Cir. 1971) (""[I]t is apparent that the Treatment Center's restrictions [on a pre-release detainee] deprived [the detainee] of his freedom of movement and association. He was therefore in custody within the purview of 18 U.S.C. § 751." (citing *McCullough*, 369 F.2d 548)).

*Goad*, 788 F.3d at 875. The *Goad* court specifically rejected the Ninth Circuit Court of Appeals' *Burke* decision, "unmoved by Goad's attempt to contrast the conditions of his residency with those of a prison or jail." *Goad*, 788 F.3d at 875. The Court found "[t]he statute broadly covers 'any custody under or by virtue of *any* process issued under the laws of the United States by *any* court, judge, or magistrate judge.'" 788 F.3d at

5

876 (quoting 18 U.S.C. § 751(a)) (emphasis added)). This court has previously relied on the holding in *Goad* in rejecting a similar motion to dismiss. *See United States v. Garcia*, CR-15-4063-MWB, 2015 WL 8514936, *2 (N.D. Iowa Dec. 11, 2015) (holding that "the Goad decision was binding precedent in this circuit and, under that decision, the Indictment sufficiently sets out the elements of the offense charged, putting [the defendant] on fair notice of the charge against which he must defend."). Nothing in defendant's instant motion causes this court to question its prior ruling on this issue.

Finally, the court rejects defendant's reliance on the rule of lenity. The *Goad* court found the "plain language of the statute allows for a charge of escape" from any custody. *Goad*, 788 F.3d at 876 (citing *Sack*, 379 F.3d at 1179-80). Therefore, it rejected Goad's lenity argument, finding the statute gave him "fair warning" that his flight could constitute a crime. 788 F.3d at 876 n.3. For the same reason, this court rejects defendant's lenity argument. "Here, because the language of the statute is not ambiguous, the rule of lenity does not apply." *United States v. Walker*, 720 F.3d 705, 708 (8th Cir. 2013) (quotation and citation omitted).

## V. *CONCLUSION AND RECOMMENDATION*

For the reasons set forth herein, I RESPECTFULLY RECOMMEND that the motion to dismiss (Doc. 11) be **denied**.

Objections to this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59(b) must be filed within fourteen (14) days of the service of a copy of this Report and Recommendation. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Crim. P. 59. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to

appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

      **IT IS SO ORDERED** this 1st day of March, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa