# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> vs. <br> ADRIAN LUND, <br><br> Defendant. | No. CR16-4016-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO DISMISS** |

## *I.     INTRODUCTION AND BACKGROUND*

This case is before me on United States Magistrate Judge C.J. Williams's Report And Recommendation on Motion to Dismiss (docket no. 13). In his Report and Recommendation, Judge Williams recommends denying defendant Adrian Lund's Motion to Dismiss. I, therefore, undertake the necessary review of Judge Williams's Report and Recommendation.

On February 18, 2016, an Indictment was returned charging Lund with escape from custody, in violation of 18 U.S.C. § 751(a).[1] Specifically, the Indictment alleges that Lund

---

[1]Section 751(a) states:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an

escaped from the Dismas Charities Residential Center in Sioux City, Iowa. Lund subsequently filed a Motion To Dismiss. In his motion, Lund contends that no violation of § 751(a) occurred, as a matter of law, because leaving a residential reentry facility in violation of a condition of supervised release cannot constitute an escape from custody.

The prosecution filed a timely resistance to Lund's motion. Lund's motion was referred to Judge Williams, pursuant to 28 U.S.C. § 636(b). Judge Williams filed a Report and Recommendation in which he recommends that Lund's motion be denied. In his Report and Recommendation, Judge Williams noted that, in *United States v. Goad*, 788 F.3d 873 (8th Cir.), *cert. denied*, (U.S. Feb. 29, 2016) (No. 15-6450), the Eighth Circuit Court of Appeals rejected this precise argument and held that "a defendant's unauthorized departure from his residential reentry facility, in violation of both the rules of the facility and the terms of his supervised release, constitute[s] escape from 'custody' within § 751(a)."[2] *Id.* at 876. Judge Williams concluded that the *Goad* decision was binding precedent in this circuit, and, as a result, the Indictment states an offense. Lund has filed objections to Judge Williams's Report and Recommendation.

---

officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 751(a).

[2]Lund relies on the Ninth Circuit Court of Appeals's decision in *United States v. Burke*, 694 F.3d 1062, 1064 (9th Cir. 2012).

## II. LEGAL ANALYSIS
### A. *Standard Of Review*

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); see FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

As noted above, Lund has filed objections to Judge Williams's Report and Recommendation. I, therefore, undertake the necessary review of Judge Williams's recommended disposition of Lund's Motion to Dismiss

### B.     Lund's Objections
### 1.     Court's consideration of facts not appearing in the Indictment

Lund initially objects to Judge Williams's conclusion that "the court cannot base its ruling on alleged facts that do not appear on the face of the indictment itself." Report and Recommendation at 5. Lund referred Judge Williams to a Petition to Revoke Supervision in his previous criminal case, *see United States v. Lund*, CR10-4070-MWB, and sought to have Judge Williams consider that he was incarcerated "[a]s a condition of supervised release. . .as a 120-day public law placement 'due to the fact that he did not have a suitable release plan.'" Defendant's Br. at 2. It is unnecessary for me to determine this issue, because these facts are irrelevant under the *Goad* decision, where the Eighth Circuit Court of Appeals held that the defendant's unauthorized departure from a residential reentry center constituted escape from "custody" under § 751(a).[3] *Goad*, 788 F.3d at 786.

---

[3]Nevertheless, I note that while "[c]ourts should refrain from considering evidence outside the indictment when testing its legal sufficiency," *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994), when material facts are undisputed, a court may consider those facts. *See id.* at 1087–88 (holding pretrial dismissal of a criminal case by a trial court may be appropriate when undisputed facts establish as a matter of law that the prosecution is incapable of proving its case); *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991) (noting that "in circumstances like those. . .in the instant case, it is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case."); *United States v. Risk*, 843 F.2d 1059 (7th Cir. 1988) (holding that district court had acted properly "[u]nder the unusual circumstances of this case" when it considered evidence outside of the indictment); *see also United States v. Marrowbone*, 102 F. Supp.3d 1101, 1105 (D.S.D. 2015); *United States v. Lafferty*, 608 F. Supp.2d 1131, 1137 (D.S.D. 2009).

4

### 2. *Sufficiency of Indictment's allegations*

Lund acknowledges that the *Goad* decision is "binding authority" in this circuit, but, nonetheless objects, in order to preserve the issue for further review, to Judge Williams's conclusion that, under the *Goad* decision, Lund's alleged escape from the Dismas Charities Residential Center, in violation of the terms of his supervised release, would constitute an escape from custody within § 751(a). Lund urges me to adopt the Ninth Circuit Court of Appeals's conclusion, in *United States v. Burke*, 694 F.3d 1062 (9th Cir. 2012), that a defendant who had completed his imprisonment and was residing at a halfway house as a condition of supervised release was not in "custody" as required by § 751(a). *Burke*, 694 F.3d at 1064. Judge Williams correctly determined that the *Goad* decision was binding precedent in this circuit and, under that decision, the Indictment sufficiently sets out the elements of the offense charged, putting Lund on fair notice of the charge against which he must defend. Therefore, Lund's objection is denied.

### III. CONCLUSION

Therefore, for the reasons discussed above, I, upon a *de novo* review of the record, accept Judge Williams's Report and Recommendation and deny defendant Lund's Motion to Dismiss.

**IT IS SO ORDERED**.

**DATED** this 15th day of March, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA